# SUPERIOR COURT
### OF THE
# STATE OF DELAWARE

**FERRIS W. WHARTON**
*JUDGE*

LEONARD L. WILLIAMS JUSTICE CENTER
WILMINGTON, DE 19801-3733
PHONE: (302) 255-0657
FAX: (302) 255-2273

Submitted: November 4, 2022[1]
Decided: February 15, 2023

John W. Downs, Esquire
Matthew B. Frawley, Esquire
Samuel B. Kenney, Esquire
Deputy Attorneys General
Department of Justice
820 N. French St.
Wilmington, DE 19801

Megan J. Davies, Esquire
716 Tatnall Street
Wilmington, DE 19801

Richard Sparaco, Esquire
1920 Fairfax Avenue
Cherry Hill, NJ 08003, and
P.O. Box 371
Lewes, DE 19958

Keith Gibson # 00303443
James T. Vaughn Correctional Center
1181 Paddock Rd.
Smyrna, DE 19977

Re:    **State v. Keith Gibson**
**ID Nos. 2106004632; 2106004704; 2107000202; 2107000514**

*Upon Defendant Keith Gibson's Pro Se Motion for Reconsideration,*
**DENIED.**

---

[1] The materials were received in chambers on November 4, 2022. As an unauthorized filing, they appear in the docket with the notation "Rule 47 Referral to counsel memorandum filed." See, D.I. 70 (December 7, 2022) and D.I 71 (December 1, 2022).

Dear Counsel and Mr. Gibson:

In the status report dated February 13, 2023, counsel clarified that the Defendant's 400 plus page *pro se* filing was intended to be viewed as a "Motion to Reconsider the Court's prior rulings and/or to reconsider the Court's denial of a rehearing." A chronology of the Court's recent decisions is helpful to put this purported motion to reconsider in context.

Before being allowed to withdraw, Gibson's original attorneys filed six motions on his behalf. The Court issued an order dealing with those motions on November 2, 2022.[2] On November 3rd, the Court granted those attorneys' second motion to withdraw as counsel.[3]

Prior to issuing those orders, on August 31, 2022, the Court granted Gibson limited permission to pursue on his own the motions he wanted prior counsel to file, but that they had refused to file because, in their view, the motions lacked merit.[4] The next day, the Court wrote Gibson explaining the scope of that limited permission.[5] Specifically, the Court permitted Gibson to address by way of *pro se* motion his contention that the arrest warrants in ID Nos. 2106004704 and 2106004632 were constitutionally defective because Wilmington Police Cpl. Ryan Kilmon and Det. A. Ford made material misstatements and material omissions in their affidavits in order to obtain them.[6] It also permitted Gibson to address his claim alleging that the prosecution and police engaged in misconduct related to pretrial publicity and in securing the arrest warrants and indictment.[7] Finally, it allowed him to advance his contention that the arrest warrant in ID No. 2106004632 was not supported by oath or affirmation and was not signed by the affiant or the issuing judicial authority.[8]

---

[2] *State v. Gibson,* 2022 WL 16642860 (Del. Super. Ct. Nov. 2, 2022).
[3] D.I. 60.
[4] *See,* D.I. 65, 66. (Docket Items are from ID. No. 2106004632A).
[5] D.I. 66.
[6] *Id.*
[7] *Id.*
[8] *Id.*

2

Gibson filed his motions on September 16, 2022.[9] The Court issued its decision on those motions on December 5, 2022.[10] On January 18, 2023, the Court received several letters from Gibson.[11] The Court treated those letters in the aggregate as a motion to reargue the decision it issued on December 5, 2022.[12] It denied that motion on January 19, 2023.[13]

On November 18, 2022, the State wrote to the Court.[14] In that letter, the State observed that on November 15, 2022, it received a package, postmarked November 2nd, from Gibson containing 441 pages that appeared to raise some of the same issues raised in his *pro se* motions and some others.[15] The State advised that it did not intend to respond to these materials because they were untimely, having been filed after the Court's September 30, 2022 deadline for filing *pro se* motions.[16] The State represented that it would forward these materials to new defense counsel when they were appointed.[17] Presumably, current defense counsel has these materials. By letter dated November 21, 2022, the Court advised Gibson that it would not rule on this filing since it was untimely.[18]

It is unclear to the Court what rulings Gibson is asking the Court to reconsider given that his materials were postmarked November 2, 2022. That date is the same day the Court ruled on his previous attorneys' motions and before the Court ruled on his motions. What is clear to the Court, however, is that he does not ask the Court to reconsider any ruling the Court made on any *pro se* motion the Court permitted him to file under Rule 47 since the Court did not address those motions until December 5, 2022.

---

[9] D.I. 57, 58, 63.
[10] *State v. Gibson,* 2022 WL 17430368 (Del. Super. Ct. Dec. 5, 2022).
[11] D.I. 76-78.
[12] *State v. Gibson,* 2023 WL 315332 (Del. Super. Ct. Jan. 19, 2023).
[13] *Id.*
[14] D.I. 61.
[15] *Id.*
[16] *Id.*
[17] *Id.*
[18] D.I. 62.

Therefore, Gibson's 441 page filing, treated as a Motion to Reconsider, is **DENIED**.

**IT IS SO ORDERED.**

/s/ *Ferris W. Wharton*
Ferris W. Wharton, J.

oc: Prothonotary